In the Matter of MARIO MEROLA, on Behalf of the People of the State of New York, Petitioner, v IVAN WARNER, as Justice of the Supreme Court, et al., Respondents.

In the Matter of NEW YORK NEWS INC., Petitioner, v IVAN WARNER, as Justice of the Supreme Court of the State of New York, et al., Respondents.

First Department, May 13, 1980

## APPEARANCES OF COUNSEL

*Peter D. Coddington* of counsel *(Steven R. Kartegener* and *Billie Manning* with him on the brief, attorneys), for Mario Merola, petitioner.

*Rudolph W. Giuliani* of counsel *(Kenneth A. Caruso* and *Frederick J. Baumann,* with him on the brief; *Patterson, Belknap, Webb & Tyler,* attorneys), for New York News, Inc., petitioner.

*Barry R. Fertel* of counsel *(Robert Abrams, Attorney-General,* attorney), for Ivan Warner, respondent.

*Vincent D. Farrell* of counsel *(Farrell & Kalina,* attorneys), for New York Press Club, Inc., *amicus curiae.*

*Saverio A. Muschio* for Ronald Marrazzo, respondent.

### OPINION OF THE COURT

*Per Curiam.*

There are consolidated herein two CPLR article 78 prohibition proceedings, one by petitioner New York News, Inc., and one by petitioner District Attorney of Bronx County, both against a Justice of the Supreme Court, seeking to prevent the carrying out of two orders made in the course of a consolidated hearing seeking to suppress certain tape recordings and to test their audibility. The accompanying motion of New York Press Club, Inc. for permission to file a brief *amicus curiae* is granted. The earlier order (April 15, 1980) banned from the hearing courtroom a reporter associated with the newspaper published by the corporation, and the other, made two days later, forbade issuance of any transcript of the ongoing proceedings. The Assistant District Attorney in charge requested the court to permit a reporter associated with the newspaper to remain in the courtroom during playing of the tapes, and to be afforded a set of earphones to be enabled to listen in. The court summarily denied the application, excluded the reporter, refused to wait for his lawyer to arrive to present legal arguments, and, though counsel appeared promptly, refused even to permit him to enter the courtroom to apply for opportunity to do so. The only argument heard against the admission was offered by attorneys for defendants in the criminal case. We find nothing in the meagre record of the proceedings at the time of this occurrence to justify the exclusion, much as we appreciate that the

pace of developments did not provide the ideal atmosphere for detached reflection.*

There is also no doubt that refusal to hear the arguments to be advanced by the reporter's counsel violated his and his employer's rights. (See *Matter of Gannett Co. v De Pasquale*, 43 NY2d 370, affd 443 US 368.) And that principle applies to the case at bar. (See *Matter of Westchester Rockland Newspapers v Leggett*, 48 NY2d 430.) Petitioners are entitled to the relief sought. And even though, as we are advised, the court below has given indications of softening of its attitude, a reasonable readjustment may not be accomplished simply by remand. The principle involved must be vindicated. Prohibition sought in this case may be effectively granted only by its functional equivalent, vacatur of the orders, followed by remand for further proceedings not inconsistent herewith. We rule accordingly.

The two orders of Supreme Court, Bronx County (WARNER, J.), made April 15 and 17, 1980, should be vacated forthwith and the matter remanded to Trial Term, Bronx County, for further proceedings not inconsistent herewith, without costs.

SANDLER, J. P., SULLIVAN, MARKEWICH, LUPIANO and CARRO, JJ., concur.

Two orders of the Supreme Court, Bronx County, made on April 15, 1980 and April 17, 1980, unanimously vacated and the matter remanded to Trial Term, Bronx County, for further proceedings not inconsistent with the opinion *Per Curiam* filed herein, without costs and without disbursements.

---

* There were two possible explanations in the oral argument before us hinted at for the court's abrupt refusal to afford basic rights to the reporter, but they are explanations only, and not valid reasons. First was the fact that, though pretrial proceedings had been conducted in the case before the court for some days, this unheralded appearance by a reporter was the first ever in the case. Also, we were told, the prosecutor was said to have indicated that startling revelations in the tapes would sustain an application to revoke bail. Interestingly enough, bail was not revoked.