■ In the Matter of MURRAY RICHMAN, Petitioner, v ARCHIE GORFINKEL et al., Respondents.—Application for writ of prohibition directed to an order of Supreme Court, Bronx County, signed March 5, 1980, which purports to enjoin petitioner Richman "or any of his associates" "from representing any of the targets or witnesses" in a certain investigation by "the Bronx County Grand Jury into the circumstances of an insurance fraud involving the Allstate Insurance Company" remanded to Supreme Court, Bronx County, for further proceedings not inconsistent herewith, without costs. In view of the disposition hereby made, the cross motions of both the District Attorney and the Attorney-General to dismiss the petition are dismissed as academic. From the submitted affidavits, the sole and meagre record before us, the following is gleaned. Petitioner, an attorney, purports to represent a number of persons involved in an investigation of certain frauds said to have been perpetrated against an insurance company. On application by the District Attorney and on alleged default, the Supreme Court is said to have issued the order (apparently never entered) the enforcement of which prohibition is sought, without a hearing. The reason assigned for the court's direction to petitioner to cease representation of witnesses appears to be a possibility that there may be conflicts of interest as between petitioner's various clients. Petitioner seems to stand on the rights of his clients freely to choose counsel; the District Attorney claims some vaguely stated obstruction of justice. Respondent District Attorney presented no evidence except conclusory affidavits. Petitioner has presented nothing except his own interests as retained counsel though he purports to speak for his clients, who, if anyone at all, are the persons aggrieved by the order to which petitioner's arguments are addressed. The record as to standing of the petitioner and of his clients has not been developed nor have the District Attorney's claims been presented in a reviewable fashion. We remand therefore for a hearing as to petitioner's standing to bring the proceeding and as to the standing of his clients to do the same, and of course as to what evidence, if any, supports the District Attorney's claims of ethical violation, and on the subject of whether, if they have done so at all, petitioner's clients have made an informed and knowing choice of counsel. (Cf. *Matter of Merola v Warner,* 74 AD2d 287.) This disposition is without prejudice, should events take an appropriate turn, to the clients themselves assuming the role of petitioners, whether by addition to or substitution for

the present petitioner. Concur—Kupferman, J. P., Birns, Fein, Markewich and Bloom, JJ.